**VIRGINIA:**

## IN THE CIRCUIT COURT OF ARLINGTON COUNTY, VIRGINIA

**CHANDRA EVETTE THORNTON,**
Plaintiff,

v.  CIVIL ACTION NO. CL25-3459

**RENAISSANCE HOTEL OPERATING COMPANY,**
**RENAISSANCE ARLINGTON CAPITAL VIEW**
**HOTEL, MARRIOTT INTERNATIONAL INC.,**
**SODEXO INC, DORMAKABA USA INC.,**
**DORMAKABA USA INC. -BALTIMORE**
Defendants.

RECEIVED 2025 JUL 31 PM 3:19
PAUL FERGUSON, CLERK
ARLINGTON CIRCUIT COURT

**COMPLAINT**

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, Chandra Evette Thornton, is an individual and is not a resident of the Commonwealth of Virginia. Plaintiff is a resident of Texas

2. Defendant, Renaissance Hotel Operating Company, is a business entity authorized to do business in Virginia and regularly conducts business in Arlington County, Virginia, may be served by serving its registered agent, by personally serving a copy of the summons and complaint attached thereto as follows: Corporation Service Company, 100 Shockoe Slip, Floor 2, Richmond, VA 23219-4100, USA.

3. Defendant, Renaissance Arlington Capital View Hotel, is a business entity authorized to do business in Virginia and regularly conducts business in Arlington County, Virginia, may be served by serving its registered agent, by personally serving a copy of the summons and complaint attached thereto as follows: Corporation Service Company, 100 Shockoe Slip, Floor 2, Richmond, VA 23219-4100, USA.

4. Defendant, Marriott International Inc., a business entity authorized to do business in


DEFENDANT'S EXHIBIT 1

Virginia and regularly conducts business in Arlington County, Virginia, may be served by serving its registered agent, by personally serving a copy of the summons and complaint attached thereto as follows: Corporation Service Company, 100 Shockoe Slip, Floor 2, Richmond, VA 23219-4100, USA.

5. Defendant, Sodexo Inc., a business entity authorized to do business in Virginia and regularly conducts business in Arlington County, Virginia, may be served by serving its registered agent, by personally serving a copy of the summons and complaint attached thereto as follows: Corporate Creations Network Inc., 425 West Washington St., Suite 4, Suffolk, VA 23434-5320 USA.

6. Defendant, Dormakaba USA Inc., a business entity authorized to do business in Virginia and regularly conducts business in Arlington County, Virginia, may be served by serving its registered agent, by personally serving a copy of the summons and complaint attached thereto as follows: Corporation Service Company, 100 Shockoe Slip, Floor 2, Richmond, VA 23219-4100, USA.

7. Defendant, Dormakaba USA Inc. -Baltimore, a business entity authorized to do business in Virginia and regularly conducts business in Arlington County, Virginia, may be served by serving its registered agent, by personally serving a copy of the summons and complaint attached thereto as follows: Corporation Service Company, 100 Shockoe Slip, Floor 2, Richmond, VA 23219-4100, USA.

8. This Court has subject-matter jurisdiction under Va. Code § 17.1-513 (civil claims exceeding $25,000) and personal jurisdiction under Va. Code § 8.01-328.1(A)(3) because Defendants transact business and caused tortious injury in Virginia. Defendants have a fixed place of business in Virginia as well. Venue is proper in Arlington County under Va. Code § 8.01-261(1) as the place of the accident.

9. The amount in controversy exceeds $50,000.00.

10. Venue is proper in this Court pursuant to Virginia Code § 8.01-261 because the cause of action arose in Arlington County.

**FACTUAL ALLEGATIONS**

11. On or about August 10, 2023, Plaintiff was a guest at Defendant's premises located at 2800 South Potomac Avenue, Arlington, VA 22202.

12. On August 10, 2023, Plaintiff lawfully entered the automatic revolving door at the main entrance of the Renaissance Arlington Capital View Hotel ("Hotel").

13. While lawfully on the premises, Plaintiff encountered a hazardous and dangerous condition, specifically the revolving door suddenly accelerated and/or lacked proper braking or synchronization, causing Plaintiff to become crushed and pinned between the moving door wing and the stationary frame, which Defendant knew or should have known existed.

14. At all times material, Defendants were the owner, managers, operators and/or possessors with exclusive control over the Renaissance Cheddar's Scratch Kitchen restaurants located at **2800 South Potomac Avenue, Arlington, VA 22202** (the "Premises" or "**Renaissance Arlington Capital View Hotel**").

15. Upon information and belief, Defendants Dormakaba US Inc. and Dormakaba US Inc.- Baltimore contracted with Defendants Renaissance Hotel Operating Company doing business as Renaissance Arlington Capital View Hotel and Marriott International Inc. to maintain the automatic revolving door of the main entrance of the hotel. Per the contract Defendants Dormakaba US Inc. and Dormakaba US Inc.- Baltimore controlled, maintained and serviced the doors and the area where Plaintiff was injured, as well as the tools and equipment used for the operations of the door. Alternatively, Defendants Renaissance Hotel Operating Company d/b/a Renaissance Arlington Capital View Hotel, Marriott International Inc and Dormakaba US Inc. and Dormakaba US Inc.- Baltimore failed to use reasonable care to protect its customers from the known and unusually high risks accompanying the area where Plaintiff was crushed by failing to monitor that area and failing to remove the hazardous condition.

16. As a direct and proximate result of this condition, Plaintiff was caused to sustain serious injuries, including but not limited to limited to the right hip, right shoulder, right knee, left elbow, left arm, left wrist, and left hand, requiring medical care, therapy, and resulting in pain and suffering, medical expenses, permanent impairment, disfigurement, loss of enjoyment of life and other damages.

17. Defendant owed Plaintiff a duty to maintain the premises in a reasonably safe condition and to warn of any known or reasonably foreseeable dangers.

18. Defendant breached its duty by failing to inspect, maintain, or warn of the hazardous condition.

19. As a direct and proximate result of Defendant's negligence, Plaintiff sustained physical injury, pain and suffering, medical expenses, loss of income, and other damages.

## COUNT I – NEGLIGENCE

20. Plaintiff incorporates by reference the foregoing paragraphs.

21. Defendant owed Plaintiff a duty of reasonable care.

22. Defendants owed a duty to Plaintiff, an invitee, to maintain the premises in a reasonably safe condition, inspect for hazards, and warn of dangerous conditions they knew or should have known existed.

23. Defendants breached that duty by:
    * Failing to maintain the revolving door in safe working order;
    * Failing to maintain an emergency release in the event a person or object becomes pinned, stuck within the revolving doors;
    * Failing to post warnings or take the door out of service; and
    * Failing to comply with applicable building and safety codes governing automatic/revolving doors.

    The breach was the proximate cause of Plaintiff's injuries and damages.

24. Defendants breached this duty by failing to maintain safe premises and/or to warn Plaintiff of a dangerous condition.

25. As a result of Defendants' breach, Plaintiff suffered injuries and damages as set forth above.

## DAMAGES

26. Plaintiff has incurred and will continue to incur:
    * Medical expenses (past and future) – $250,000.00

    * Pain, suffering, inconvenience, and mental anguish – $550,000.00

    * Disfigurement and permanent impairment – to be shown at trial

27. Plaintiff seeks compensatory damages not less than $1,000,000.00 plus pre-judgment interest, costs, and such other relief as the Court deems just.

28. As a result of Defendant's breach, Plaintiff suffered injuries and damages as set forth above.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $1,000,000.00;

B. Award Plaintiff pre-judgment and post-judgment interest as allowed by law;

C. Award Plaintiff costs incurred in bringing this action; and

D. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

*Chandra E Thornton*    Date: 07/31/2025

**Chandra E. Thornton, Pro Se**
13108 Ferry Cove Ln
Pearland, TX 77584
Phone: 713-398-8147
Email Address: cethorntonjohnson@gmail.com